UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Strio Consulting, Inc., | Civil No. 0:19-cv-01048 ECT/BRT |
| Plaintiff/Counterclaim Defendant, | |
| v. | **JOINT** |
| | **RULE 26(f) REPORT** |
| Rocket Power, Inc., | |
| Defendant/Counterclaim Plaintiff. | |

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on June 13, 2019, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for June 18, 2019, before the United States Magistrate Judge Becky R. Thorson in Courtroom 6A of the U.S. Courthouse in St. Paul, Minnesota.

(a)  Rule 7.1 Disclosures.

The parties must comply with Rule 7.1, if applicable:

The parties agree they have complied with Rule 7.1.

(b)  Description of the Case.

(1)  Concise Factual Summary of Plaintiff's Claims.

Plaintiff and Defendant entered into a business relationship whereby Plaintiff would lease its employees and independent contractors to certain clients identified by Defendant. The parties agreed to split the costs of providing the employees' and contractors' labor and share equally in the gross profits from all work performed. However, despite receiving all

revenue generated by this labor, Defendant has failed to pay its share of the costs, failed to pay Plaintiff its share of the profits, and wrongfully retained funds belonging to Plaintiff. Plaintiff filed this lawsuit to recover these amounts.

Plaintiff's position is that Defendant's counterclaims lack merit and should be dismissed.

(2)   Concise Factual Summary of Defendant's claims/defenses.

Defendant and Counterclaim Plaintiff RocketPower disputes that it owes any money to Plaintiff Strio based on the claims in the Complaint. To the contrary, RocketPower contends that Strio owes RocketPower reimbursement for approximately $450,000.00 for overpayments to Strio for taxes and benefits for the companies' joint employees, and $5,000,000.00 to $6,000,000.00 for overpayment of the full 100% of all joint employee expenses, including wages, for the companies' joint employees, instead of 50% of those expenses, per the parties' Agreement. RocketPower also seeks an accounting.

(3)   Statement of Jurisdiction (including statutory citations).

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is diversity between the parties and the amount in controversy exceeds $75,000.00.

(4)   Summary of Factual Stipulations or Agreements.

   None at this time.

(5)   Statement of whether a jury trial has been timely demanded by any party.

   A jury trial has not been demanded by either party.

(6)   Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties have not so agreed.

(c)  Pleadings.

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

The parties agree that all pleadings have been properly served and filed. At this time, the parties do not intend to amend their pleadings or add additional parties, but reserve the right to do so in accordance with the Rules.

(d)  Discovery of Electronically Stored Information.

The Parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

The Parties will further meet and confer by June 28, 2019 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by July 12, 2019.

(e)  Fact Discovery.

The parties should agree on their proposed plan using this form. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery, they should set forth their separate positions in their Rule 26(f) Report for discussion at the pretrial conference.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1)  The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before July 15, 2019. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before July 31, 2019.

3

(2)  The parties must commence fact discovery procedures in time to be completed by November 30, 2019.  The parties will discuss whether a date for the substantial production of documents should be set within the fact discovery period, to facilitate the taking of depositions.

(3)  The parties have discussed the scope of discovery including relevance and proportionality and propose that the Court limit the use and numbers of discovery procedures as follows:

   (A)  <u>25   </u> interrogatories;

   (B)  <u>50   </u> document requests.  The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

If the responding party producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response.  If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

   (C)  <u>50   </u> requests for admission.  The parties have discussed a protocol for the authentication of documents and agree on the following: No agreement.

   (D)  <u>10   </u> factual depositions.  The parties have discussed the geographical location for the depositions and agree on the following:

   Plaintiff's Proposal:

   All depositions of parties and agents or employees of parties shall take place in Minnesota and that any third-party depositions shall be taken in the location where that third party resides.

   Defendant's Proposal:

   All depositions of parties and agents or employees of parties shall take place in the location where the agent or employee resides, and that any third-party depositions shall be taken in the location where that third party resides.

4

    (E)    The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

    Both parties have agreed to produce a witness or witnesses in accordance with 30(b)(6). The parties will serve 30(b)(6) notices pursuant to the Rule and on or before October 11, 2019. All Rule 30(b)(6) depositions shall be completed before the close of discovery.

    (F)    The parties have discussed Rule 35 medical examinations and agree such examinations are not necessary in this case.

(f)    Expert Discovery.

    (1)    The parties anticipate that they **will** require expert witnesses at time of trial.

        (A)    The plaintiff anticipates calling __2-4__ experts in the fields of: accounting, damages, and payroll and benefits and services.

        (B)    The defendant anticipates calling __2-4__ experts in the fields of: accounting, damages, and payroll benefits and services.

        (C)    The parties must meet and confer to confirm the fields (not necessarily the identity of the expert witnesses) on or before November 29, 2019.

    (2)    The parties propose that the Court establish the following plan for expert discovery:

The parties must discuss the particular expert needs in the case and then carefully tailor their recommended plan for disclosure of experts, service of reports and timing of deposition. Three options are provided below:

Option A:

(1)    Initial Experts.

    (i)    The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before December 20, 2019.

    (ii)    The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before January 17, 2020.

5

    (2)    Rebuttal Experts.

        (i)    The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before <u>February 14, 2020</u>.

        (ii)    Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before <u>March 13, 2020</u>.

    (3)    All expert discovery, including expert depositions, must be completed by April 30, 2020.  The parties must meet and confer to coordinate expert depositions.  This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time.  The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

    (4)    Each side may call up to 4 experts.  Each side may take 1 deposition per expert.

(g)    Proposed Motion Schedule.

The parties proposed the following deadlines for filing motions:

(1)    Motions seeking to join other parties must be filed and served by June 28, 2019.  The parties are aware that they must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

(2)    Motions seeking to amend the pleadings must be filed and served by July 31, 2019.  The parties are aware that they must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

(3)    Motions seeking an amendment of the pleadings to add punitive damages must be filed and served by November 30, 2019.

(4)    Non-dispositive motions.

    (1)    All non-dispositive motions relating to fact discovery must be filed and served by December 15, 2019.

6

      (2)    All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by May 15, 2020.

  (5)    Dispositive Motions.

      All dispositive motions must be filed and served by June 19, 2020.

(h)    Protective Order.

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed] protective order/report identifying areas of disagreement.

The parties intend to seek the entry of a protective order.

The parties will start with the form available on the Court's website under the Court Forms tab in the "Pretrial, Discovery and Trial Forms" section as a base template for their proposed protective order.

http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf.  The parties understand that they may tailor a proposed protective order to their case and will redline suggested modifications to the form.

(i)    Claims of Privilege or Protection.

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502:

  (1)    Will include their agreement in their proposed Protective Order.

(j)    <u>Trial-Ready Date</u>

  (1)    The parties agree that the case will be ready for trial on or after August 1, 2020.

  (2)    The anticipated length of the bench trial is <u>5 </u>days.

(k)    Insurance Carriers/Indemnitors.

7

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

None.

(l)   Settlement.

   (1)   Counsel must meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1 to discuss settlement.  No later than three business days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in compliance with the rules.  Please email a copy to Magistrate Judge Thorson at thorson_chambers@mnd.uscourts.gov.  In addition, the parties must send Magistrate Judge Thorson a confidential letter setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive and when it should occur, and what discovery, if any, the party believes would be necessary to conduct before such a conference.  The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

   (2)   The parties propose that a settlement conference be scheduled to take place before August 1, 2020.

   (3)   The parties have discussed whether other alternative dispute resolution will be helpful to the resolution of this case and recommend the following: N/A

(m)   Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

**FAFINSKI MARK & JOHNSON, P.A.**

Dated:  June 13, 2019         By:   *s/ Tyler P. Brimmer*
                                    Tyler P. Brimmer (#0392700)
                                    Christopher R. Sall (#0395633)
                              Flagship Corporate Center
                              775 Prairie Center Drive, Suite 400
                              Eden Prairie, MN  55344
                              Telephone:  952.995.9500
                              Facsimile:   952.995.9577
                              tyler.brimmer@fmjlaw.com
                              christopher.sall@fmjlaw.com

                              **Attorneys for Plaintiff**


**ANTHONY OSTLUND**
**BAER & LOUWAGIE P.A.**

Dated:  June 13, 2019         By:   *s/ Courtland C. Merrill*
                                    Courtland C. Merrill (#0311984)
                              3600 Wells Fargo Center
                              90 South Seventh Street
                              Minneapolis, MN  55402
                              Telephone:  612.349.6969
                              Facsimile:   612.349.6996
                              cmerrill@anthonyostlund.com

                              **Attorneys for Defendant**